PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

B 01 - 83

# IN THE UNITED STATES DISTRICT COURT

## FOR THE _____ DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED

APR 0 9 2001

Michael N. Milby, Clerk

_____ Division

# H 01 - 1167

## PETITION FOR A WRIT OF HABEAS CORPUS BY A
## PERSON IN STATE CUSTODY

_Antonio Benjaran Jr._

**PETITIONER**
(Full name of Petitioner)

_Dominguez St Jail   78250_
_6535 Cagnend San Antonio T._

**CURRENT PLACE OF CONFINEMENT**

**vs.**

_898233_

**PRISONER ID NUMBER**

_Yolanda Delicii._
_974 Harrison Brownsville tx, 78520_

**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of petitioner)

**CASE NUMBER**
(Supplied by the Clerk of the District Court)

---

## INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3.  When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4.  If you do not have the necessary filing fee, you may ask permission to proceed _in forma pauperis_. To proceed _in forma pauperis_, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified _In Forma Pauperis_ Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

LL-048

5.   Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6.   Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7.   When you have finished filling out the petition, mail <u>the original and two copies</u> to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody.  A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library.  You may use this list to decide where to mail your petition.

8.   Petitions that do not meet these instructions may be returned to you.

---

## PETITION

### What are you challenging?  (Check <u>only</u> one)

| | | |
|---|---|---|
| ☑ | A judgment of conviction or sentence, probation or deferred-adjudication probation | (Answer Questions 1-4, 5-12 & 20-23) |
| ☐ | A parole revocation proceeding. | (Answer Questions 1-4, 13-14, & 20-23) |
| ☐ | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-23) |

### All petitioners must answer questions 1-4:

1.   Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
*Camaron Cnty Brownsville tx 78520   107th dist*

2.   Date of judgment of conviction:  *8-30-99*

3.   Length of sentence:  *Fifteen yrs (15)*

4.   Nature of offense and docket number (if known):  *Th/t of fire arm #99-CR-280a*
*ast. on public srv. #99-CR.281-a, Agg. Ast. w deadly wep. #99-CR.282-a*

### Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5.   What was your plea? (Check one)

| ☐ | Not Guilty | ☑ | Guilty | ☐ | Nolo contendere |
|---|---|---|---|---|---|

6.   Kind of trial: (Check one)   ☐ Jury      ☐ Judge Only

- 2 -

CONTINUED ON NEXT PAGE

7.  Did you testify at the trial?   ☐   Yes   ☑   No

8.  Did you appeal the judgment of conviction?   ☐   Yes   ☑   No

9.  If you did appeal, in what appellate court did you file your direct appeal?

    _____Cause Number (if known) _____

    What was the result of your direct appeal (affirmed, modified or reversed):_____

    What was the date of that decision? _____

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Result: _____

    Date of result: _____Cause Number (if known):_____

    If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _____

    Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

    ☑   Yes   ☐   No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _St. Cat. 107 dist._

    Nature of proceeding: _Writ of H.C. art 11.07(e)_

    Cause number (if known): _46,676-03_

    Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.
    _____6-27-00_____

    Grounds raised: _Applicant primary Conviction shaldnt
    have been enhance because of remote Conviction_

-3-                                    CONTINUED ON NEXT PAGE

Date of final decision: _q  /3-00_____

Name of court that issued the final decision: _Ct of crim app of tx_

As to any **_second_** petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

_____

Date (month, day and year) you _filed_ the petition, application or motion as shown by a file-stamped date from the particular court.

_____

Grounds raised: _____

_____

_____

Date of final decision: _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12.   Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?             ☐   Yes        ☑   No

(a)   If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

_____

_____

(b)   Give the date and length of the sentence to be served in the future: _____

_____

(c)   Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

☐   Yes        ☑   No

- 4 -                                                        CONTINUED ON NEXT PAGE

Date of Result: _____

**All applicants must answer the remaining questions:**

20.    State <u>clearly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    **CAUTION:**
    <u>Exhaustion of State Remedies:</u> You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
    <u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your belief that you are being held unlawfully.

<u>DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS.</u>  Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)    Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b)    Conviction obtained by the use of a coerced confession.

(c)    Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)    Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)    Conviction obtained by a violation of the privilege against self-incrimination.

(f)    Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g)    Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h)    Conviction obtained by a violation of the protection against double jeopardy.

(i)    Denial of effective assistance of counsel.

(j)    Denial of the right to appeal.

(k)    Violation of my right to due process in a disciplinary action taken by prison officials.

*Wrongful Conviction by enhancement*

-6-    CONTINUED ON NEXT PAGE

D.   **GROUND FOUR:** _____

_____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_____

_____

_____

_____

_____

21.   Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

        ☐   Yes          ☑   No

If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

_____

_____

_____

22.   Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

        ☐   Yes          ☑   No

If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

- 8 -                            CONTINUED ON NEXT PAGE

III.
## FACTS OF THE CASE

APPLICANT WAS ARRESTED FOR THEFT OF A FIREARM, ASSAULT ON A PUBLIC SERVANT, AND AGGRAVATED ASSAULT WITH A DEADLY WEAPON. HE WAS LATER SERVED AN INDICTMENT WITH (3) ENHANCEMENTS PARAGRAPHS.  APPLICANT'S ATTORNEY ADVISED HIM TO PLEA TRUE TO HIS ENHANCEMENTS PARAGRAPHS.  APLICANT'S FORTHCOMING LITIGATION IS PREPARED PRO-SE, THEREFORE HE WOULD ASK THE HONORABLE COURT TO SHOW PATIENCE WITH HIS PLEADINGS (CLAIMS PRESENTED PRO-SE ARE HELD TO LESS STRINGENT STANDARDS THAT FORMAL PLEADINGS DRAFTED BY LAWYERS.  SEE **CODE vs. MONTGOMERY 725 F20 1321**)

## ARGUMENTS AND AUTHORITIES

(1)    SENTENCE AND ENHANCEMENT – **ARGUMENT**

APPLICANT WOULD LIKE TO SHOW THE COURT THAT THE LEGISLATURE HAS MADE THE CRIME OF ASSAULT ON A PUBLIC SERVANT (PENAL CODE 22.02), (A) AGGRAVATED ASSAULT WITH A DEADLY WEAPON (penal Code 22.02)  (B).   THEFT OF A FIREARM (PENAL CODE 46.06), A SECOND DEGREE FELONY.

PETITIONERS PRIOR CONVICTIONS WERE SUCH THAT FOR ENHANCEMENT PURPOSE COULD NOT BE TACKED ONTO PRIMARY SENTENCE; SINCE A PRIOR CONVICTION MORE THAN (10) YEARS OLD IS REMOTE, AND SHOULD NOT BE ADMISSABLE.  **SINEGAL vs. STATE 789** S.W. 2nd 383, 385, 387.2, **HERNANDEZ vs. STATE** S.W. 2 976, 754.  REMOTE PRIOR CONVICTION, ABUSE OF DISCRETION BY COURT, 609 (B) RULE OF EVIDENCE, AND ADMISSION OR EVIDENCE THAT PRIOR CONVICTION HAD SUBSTANTIAL AND INJURIOUS INFLUENCES ON JURY IN DETERMINATION OF SENTENCING.  PRIOR FELONY CONVICTION OF 1979 AND 1980.  DISTRICT COURT MAY NOT IMPOSE ANY SENTENCE GREATER THAN MAXIMUM SENTENCE IN STATUTE UNDER WHICH DEFENCANT IS CONVICTED **U.S. vs. CARRION 944 F2d 220**

RULE OF EVIDENCE   RULE 609.  IMPEACHMENT BY EVIDENCE OF CONVICTION OF CRIME

(B) TIME LIMIT.  EVIDENCE OF A CONVICTION UNDER THIS RULE IS NOT ADMISSABLE IF A PERIOD OF MORE THAN TEN YEARS HAS ELAPSED SINCE THE DATE OF THE CONVICTION OR OF THE RELEASE OF THE WITNESS FROM THE CONFINEMENT IMPOSED FOR THE CONVICTION, WHICHEVER IS THE LATER DATE, UNLESS THE COURT

(3)

DETERMINES, IN THE INTEREST OF JUSTICE, THAT THE PROBATIVE VALUE
OF THE CONVICTION SUPPORTED BY THE SPECIFIC FACT AND
CIRCUMSTANCES SUBSTANTIALLY OUTWEIGHS Its PREJUDICIAL EFFECT.
(EFFECTIVE DATE MARCH 1, 1998).

**HERNANDEZ vs. STATE** 976. S.W. 2d 753
    THE LAW PROVIDES THAT A NON-CONSTITUTIONAL ERROR, LIKE
THIS ONE, "THAT DOES NOT AFFECT SUBSTANTIAL RIGHTS MUST BE
DISREGARDED." TEX. R. APP. P 44. 2. (THIS TYPE OF ERROR WILL OFTEN
AFFECT SUBSTANTIAL RIGHTS. THIS IS WHY IT HAS CAUSED THE COURT
OF CRIMINAL APPEALS TO REVERSE SO MANY CASES. SEE DAVIS,
McClendon, LIVINGSTON AND BLESSETT. I BELIEVE IT AFFECTED
SUBSTANTIAL RIGHTS HERE.
    **3. THEUS vs. STATE** 845 S.W. 2d 874.
**WITNESS KEY** 337 (25)
ALTHOUGH THE TEXAS RULE GOVERNING IMPEACHMENT BY PRIOR
CONVICTION DIVIATES FROM IT'S FEDERAL COUNTERPART IN SOME
MATERIAL WAYS, IT IS THE SAME WITH RESPECT TO THE REQUIREMENT
THAT THE TRIAL COURT FIND THAT THE PROBATIVE VALUE OF THE
EVIDENCE OUTWEIGHS IT'S PREJUDICIAL EFFECT, RULES OF CRIMINAL
EVIDENCE, RULE 609; FEDERAL RULES EVIDENCE RULE 609, 28 U.S.C.A.
    4. **ADAM SINEGAL vs. STATE** 789 S.W. 2nd 383, 385, 387.2
THE COURT OF APPEALS HELD THAT:
            (1) ADMISSION HAVE REMOTE CONVICTIONS WAS ABUSE OF
                DISCRETION.
    A.B
**5, 4. WITNESSES KEY 345 (1, 7)**
FACT THAT WITNESSES, INCLUDING ACCUSED, HAS BEEN CHARGED WITH
OFFENSE, IS INADMISSABLE FOR IMPEACHING WITNESS CREDIBILITY
UNLESS CHARGE HAS RESULTED IN FINAL CONVICTION FOR FELONY OR
OFFENSE INVOLVING MORAL TURPITUDE, AND EVEN THEN CONVICTION
MUST BE TOO REMOTE, RULE OF CRIMINAL EVIDENCE, RULE 609 (A, B.)

**DESIRED RELIEF**

    APPLICANT WOULD ASK THAT THIS COURT GRANT HIM AN
EVIDENTURY HEARING WITH APPOINTED COUNCIL FOR THE APPLICANT
TO DETERMINE THE MERITS OF THE ISSUES RAISED HERE IN THE
APPLICANT'S POST-CONVICTION WRIT OF HABEAS CORPUS. (11.07. SEC.
(3X8). APPLICANT HAS LITIGATED THE FACT SURROUNDING HIS ILLEGAL
SENTENCE AND ILLEGAL ENHANCEMENTS AND HE CURRENTLY RELIES ON
THIS COURT TO ENSURE HIS CONSTITUTIONAL RIGHTS ARE OBSERVED
AND PROTECTED.

(4)

12

In closing, the Supreme Court stated in **Powell v. Alabama, 287 U.S. AT 68-69, 53 S. CT. AT 64 (1932),** it recognized the right to be heard would be in many cases of little avail if it did not comprehend the right to be heard by effective counsel.  Even the intelligent and educated layman has small and sometimes no skill in the science of Law.  If charged with a crime, he is incapable generally, of determining for himself whether the indictment is good or bad.  He is unfamiliar with the rules of evidence.  Left without the aid of effective counsel, he may be put on trial without a proper charge; and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible.  He lacks both the skill and knowledge adequate to prepare his defense, even though he may have a perfect one, he requires the guiding hand of effective counsel at every step in the proceeding against him.  Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.  (EMPHASIS ADDED).  If that be true of men of intelligence how much more true it is of the ignorant and illiterate; or those of feeble intellect.

Furthermore...if the right to counsel as guaranteed by the constitution is to serve it's purpose, defendants cannot be left to the mercies of incompetent counsel.  It is not enough to assume that defense counsel thus precipitated into the case thought there was no defense, and exercised their best judgment in proceeding to trial without preparation.  Neither they or the court could say what a prompt and thorough investigation might disclose as to the facts; when no attempt was made to investigate.

In the seminal decision of **Powell v. Alabama, 287 US 45, 53, S. CT. 55 (1932),** the Supreme Court also recognized that a thorough factual investigation is the foundation upon which effective assistance of counsel is built on, and in the instant case...

Applicant did not receive effective counsel as guaranteed by the United States Constitution of America and the Great State of Texas.

CutePDF - www.fastio.com

# PRAYER

WHEREFORE PREMISES CONSIDERE, APPLICANT ANTIONIO BEJARAN, JR, PRAYS THAT THIS HONORABLE COURT ISSUE A WRIT OF HABEAS CORPUS RETURNABLE TO THE COURT OF CRIMINAL APPEALS OF TEXAS AT AUSTIN, TEXAS, THAT THE CLERK OF THIS COURT BE ORDERED TO FORTHWITH SEND A COPY OF THIS PETITION BE CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE ATTORNEY REPRESENTING THE STATE OF TEXAS IN THIS COURT 226TH, THAT SAID ATTORNEY BE GRANTED FIFTEEN (15) DAYS AFTER RECEIPT OF SAID COPY OF SAID PETITION TO ANSWER SAME, THAT THIS COURT FIND THAT THERE (ARE) (ARE NOT) CONTROVERTED PREVIOUSLY UNRESOLVED FACTS MATERIAL TO THE LEGALITY OF THIS RESTRAINT. RESTRAINT, DESIGNATE THE ISSUE TO BE RESOLVED, FIX A DATE FOR A HEARING THEREON, AND AFTER HEARING THEREOF FILE IT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW, THAT UPON FILING OF SAID FINDINGS, THE CLERK HEREOF IMMEDIATELY TRANSMIT TO THE CLERK OF SAID COURT OF CRIMINAL APPEALS UNDER ONE COVER A COPY OF THIS PETITION. ANY ANSWERS AND MOTIONS FILED, AND FINDINGS AND CONCLUSIONS, A TRANSCRIPT OF SAID HEARING AND DISPOSITIONS; ANY AFFIDAVITS AND OTHER MATTERS USED BY THE COURT IN RESOLVING SAID ISSUES OF FACT, AND THAT SAID COURT OF CRIMINAL APPEALS VACATE AND SET ASIDE JUDGEMENT AND SENTENCE, DISMISS THE INDICTMENT OF SAID CAUSE AND PROSECUTION BASED THEREON AND ORDER THIS APPLICANT RELEASED AND DISCHARGED FROM SAID RESTRAINT IMPOSED BY SAID JUDGEMENT, SENTENCE AND INDICTMENT.

RESPECTFULLY SUBMITTED,

ANTONIO BEJARAN JR.
T.D.C.J.C. # 898233
DOMIGUEZ UNIT
6535 CAGNON ROAD
SAN ANTONIO, TEXAS 78252

(5)

III

## <u>ADDENDUM</u>

(8)

CutePDF – www.fanisa.com

(9)

Applicant was denied the right to the effective assistance of Counsel protected by the Sixth and Fourteenth Amendment of the Constitution of the United States, and challenges the validity of his guilty plea due to ineffectiveness of Counsel.

Ineffective assistance of Counsel represents the culmination of errors presented in this WRIT and is the pivotal point in the denial of Applicant's rights. Retained or appointed counsel must provide the accused the skill and knowledge necessary to ensure that the trial is fair. **KIMMELMAN V. MORRISON, 477 US. 106 S. CT. 2574 (1986).** UNITED STATES V. CRONIC, 466; U.S. 64; 104 S. CT. AT 2039, 2046, (1986). It is evident in this case that without Counsel's errors or "lack of effectiveness." There is a "reasonable probability." Given the motions not filed or heard, advice given to applicant based on presumed guilt, etc., the outcome would have been different.

In **Hill v. Lockhart, 474 u.s. 52; 106 S. Ct. 366 (1986)**, the Supreme Court held that the two-part test announced in **Strickland v. Washington, 466 U.S. 688; 104 S. Ct. 2052 (1984)**, applies to challenges to guilty pleas based on ineffective assistance of counsel. **See also ex PARTE Adams, 707 S. W. 2d 646 (Tex. Cr. App. 1986).** Thus, it is Applicant's burden to first prove that Counsel's advice was not "within the range of competence demanded of attorneys in criminal cases" **McMann v. Richardson, 397 U.S. 759, 771; 90 S. Ct. 1441, 1449 (1970)**, and secondly, that but for Counsel's errors, he would not have plead guilty and would have insisted on going to trial. **Hill v. Lockhart, Supra.**

Applicant contends that his, (Applicant's) plea of guilty was entered due to Counsel's unwilling desire to take minimal steps involved in presenting a defense on Applicant's behalf. This was evident when Applicant converses with court appointed attorney 10 minutes prior to entering a guilty plea. Counsel exhibited no desire to raise viable and obvious issues paramount to Applicant's defense.

In **Butler v. State, 716 S.W. 2d 48 (Tex. Cr. App. 1986)**, the court held that it is fundamental that an attorney representing a defendant must acquaint himself not only with the law but also the facts of the case before he can render reasonably effective assistance of counsel, and that relying upon the facts of the case as represented by a Prosecuting Attorney is not sufficient.

Applicant initially stated to Counsel that he (Applicant) was not interested in a plea arrangement, due to Applicant's strong belief that the enhancement allegations in Applicant's indictment were not properly reviewed by the State and could not be used to enhance under **Rule 609** of the Texas Rules of Evidence. In **Ex PARTE Lilly, 656 S.W. 2d 490 (Tex. Crim. App. 1983)** the Court stated that Counsel was ineffective where he did not **Consult with defendant, did not review prosecutor's file, had not conducted an independent investigation had not interviewed the State's witnesses, and I emphasize...had not properly reviewed the enhancement allegations.**

CamPDF - www.tesbs.com

(10)

Court appointed attorney showed up ten (10) minutes prior to Bench Trial and made it clear that he was not interested in pursuing the Applicant's concerns, or interested in defending Applicant of these charges. Applicant asserts that Counsel erroneously advised him that if he did not enter a plea of guilty and accept the State's offer of 15 years, the State would enhance the punishment in his case and that he might face 25 years to 99 years or life as a habitual offender. According to Applicant, his Counsel failed to investigate the status of his prior convictions and instead relied on representations by the Prosecutor that Applicant had been twice previously convicted of felony offenses, in (1979 and 1980). In fact, the two prior convictions against Applicant could not be used to enhance, but due to Counsel's ineffectiveness he allowed himself to be intimidated into surrendering and waiving valuable rights of the accused.

Applicant now asserts that his Counsel was ineffective because he failed to object to the use of the void prior convictions to enhance punishment. Applicant contends that his Counsel was ineffective in failing to properly investigate the validity of the prior convictions and in failing to know the law that applied at the time of the 1979 and 1980 convictions. **Ex Parte Felton, 815 S.W. 2d 733 (Tex. Cr. App. 1991)** U.S. Const. Amend VII. Applicant also contends that he received ineffective assistance when he was
Advised ten (10) minutes prior to Bench Trial to stipulate to the prior convictions without being advised of the legal implications of the stipulation (i.e. the possibility of a life sentence). Under these circumstances, applicant's counsel did not render effective assistance, **Ex Parte Duffy, 607 S.W. 2d 507 (Tex. Cr. App. 1980).**

In the case at bar, the first prong of Strickland is satisfied by Applicant's counsel's failure to understand the Law to be applied to the 1979 and 1980 convictions, and by his subsequent failure to object to the use of that conviction for purposes of enhancement. His failure to understand the law to be applied to Applicant's 1979 and 1980 convictions was unreasonable under prevailing professional norms. Consequently, his failure to object, when he was unaware of the proper basis for an objection, cannot be considered a strategic choice made after thorough investigation. Furthermore, his incomplete investigation of the law and facts with respect to the 1979 and 1980 convictions is not supported by any reasonable professional judgment.

The second prong of Strickland requires that the convicted defendant affirmatively prove prejudice. "The defendant must show that there is a reasonable probability that, but for the Counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome". **Strickland, at 694, 104 S. Ct. At 2068.**

In the case at bar, the challenged outcome is the fifteen (15) year sentence handed down after a Bench Trial in which a void prior conviction (s) were used to enhance. As previously stated, the enhancement raised the minimum possible punishment from 25 years to 99 years or possibly life. Thus, in assessing punishment, the Trial Judge, in all probability, started their assessment at a high level than would have been the case if the void prior conviction (s) had not been available for enhancement.

CutePDF - www.1stop.com

(11)

Although I cannot accurately evaluate the exact prejudicial effect caused by the improper use of the void prior convictions to enhance, I can determine that there is a reasonable probability that the trial judge assessed a more severe sentence in response to that evidence. Nevertheless, the use of a void prior conviction (s) to enhance does, in my view, significantly undermine confidence in the outcome of the punishment phase; therefore, the second prong of Strickland has been met. Applicant asserts that he would not have agreed to plead guilty had he not been afraid that to do otherwise would have resulted in a minimum sentence of at least twenty-five (25) years. Furthermore, on the day of trial, the court appointed attorney appeared in court completely unprepared to go to trial. This is obvious when the court appointed attorney shows up ten (10) minutes prior to trial. Applicant cannot overstate that due to Counsel's lack of diligence on his behalf, by not filing and preparing the motions necessary to go to trial harmed and prejudiced the outcome of his case. Had Counsel filed a motion to discover, a motion to suppress, a motion in limine, motion to seek notice of extraneous offenses, etc., the outcome of Applicant's trial would have been different. The combination of these circumstances verifies that Applicant's Trial Counsel's representation fell below an objective standard of reasonableness. In no sense can Counsel's conduct be considered sound trial strategy, and Counsel's unprofessional errors undermined the confidence of the case.

A plea of guilty is not knowingly and voluntarily made if it is made as a result of ineffective assistance of counsel. U.S.C.A. Const. Amend. 6; **Gonzales v. State, 963 S.W. 2d 844 (Tex. App. San Antonio 1998).** Guilty pleas validity depends on whether it was entered voluntarily knowingly, and intelligently; but if it was entered upon advice of attorney, it's validity depends on whether counsel was reasonably competent and rendered effective assistance. However, if Attorney conveys erroneous information to his client, plea of guilty based upon that misinformation is involuntary. Citing **Rivera v. State, 952 S.W. 2d 34. (Tex. App. San Antonio 1997).**

Applicant contends that due to the overwhelming frustration and disappointment applicant faced without effective counsel and lack of other due process issues sanctioned by the court, Applicant was forced and coerced by the attorney of record and the system of "Assembly line Justice" to accept a plea bargain in spite of applicant's demands or desires. The apparent and otherwise under the circumstances would have been disastrous for the applicant. Furthermore, without cooperation or effective assistance of counsel, Applicant was powerless. A plea bargain does not prohibit the applicant from seeking relief by a post-conviction Writ of Habeas Corpus. **Ex Parte Barelo, 577 S.W. 2d 499 (Cr. App. 1979).**

A claim of ineffective assistance of counsel is review able by post-conviction Writ of Habeas Corpus. **Ex Parte Welborn, 785 S.W. 2d 391 (Cr. App. 1990)**