
United States District Court
Southern District of Texas
FILED

SEP 1 2 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *ANTONIO BEJARAN, JR.,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | Civil Action No. B-01-083 |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

## RESPONDENT COCKRELL'S MOTION TO DISMISS AS TIME-BARRED WITH BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Respondent Janie Cockrell, Director, Texas Department of Criminal Justice, Institutional Division ("the Director"), by and through her attorney, the Attorney General of Texas, and files this Respondent Cockrell's Motion to Dismiss as Time-Barred with Brief in Support.

## I.

## JURISDICTION

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

## II.

## DENIAL

The Director denies every allegation of fact made by petitioner ("Bejaran"), except those supported by the record and those specifically admitted in this motion.

## III.

## STATEMENT OF THE CASE

The Director has lawful custody of Bejaran pursuant to judgments and sentences of the District Court of Cameron County, Texas, in cause numbers 99-CR-780-A, 99-CR-781-A, 99-CR-782-A, all styled *The State of Texas v. Antonio Bejaran. Ex parte Bejaran*, Application No. 46,676-01, at 36-39; *Ex parte Bejaran*, Application No. 46,676-02, at 42-45; *Ex parte Bejaran*, Application No. 46,676-03, at 42-45. Bejaran entered a plea of guilty to the felony offenses of theft of a firearm, habitual; assault on peace officer, enhanced; and aggravated assault with a deadly weapon, enhanced. *Ex parte Bejaran*, Application No. 46,676-01, at 36-39; *Ex parte Bejaran*, Application No. 46,676-02, at 42-45; *Ex parte Bejaran*, Application No. 46,676-03, at 42-45. On August 30, 1999, the court assessed punishment of imprisonment for fifteen years, in each cause number. *Ex parte Bejaran*, Application No. 46,676-01, at 36-39; *Ex parte Bejaran*, Application No. 46,676-02, at 42-45; *Ex parte Bejaran*, Application No. 46,676-03, at 42-45. Judgment was entered on November 4, 1999. *Ex parte Bejaran*, Application No. 46,676-01, at 36-39; *Ex parte Bejaran*, Application No. 46,676-02, at 42-45; *Ex parte Bejaran*, Application No. 46,676-03, at 42-45. Bejaran admits he did not appeal his convictions. Federal petition, at 3. Bejaran has filed three state applications for writ of habeas corpus, one challenging each conviction. They were all filed in the trial court on June 27, 2000, and denied without written order by the Texas Court of Criminal Appeals on September 13, 2000. *Ex parte Bejaran*, Application No. 46,676-01, at 2, cover; *Ex parte Bejaran*, Application No. 46,676-02, at 2, cover; *Ex parte Bejaran*, Application No. 46,676-03, at 2, cover.

2

CISPDF - www.texilo.com

## IV.

## PETITIONER'S ALLEGATIONS

The Director understands Bejaran allegation to be as follows:

1.      Bejaran's sentence was illegally enhanced.

2.      Ineffective assistance of counsel.

## V.

## STATE COURT RECORDS

The record of Bejaran's state habeas corpus proceedings are available for the court's

inspection and will be forwarded to the court as soon as it has been reproduced.  Bejaran did

not appeal his convictions and thus no such record exists

## VI.

## EXHAUSTION

At this time, resolution of the exhaustion requirement is not necessary pending the

court's resolution of the instant motion to dismiss.  However, should this court deny the

Director's motion to dismiss, the Director reserves the right to address whether Bejaran has

exhausted his state court remedies.

## VII.

## MOTION TO DISMISS PURSUANT TO 28 U.S.C. § 2244(d)

On April 24, 1996, the President signed amendments to the federal habeas corpus

statutes, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Bejaran

executed the instant federal petition for writ of habeas corpus on April 5, 2001;[1] therefore,

---

[1]   *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system). Thus, the instant petition could not have been "filed" sooner than April 5, 2001, the date Bejaran signed it.

3

his petition is subject to review under the amendments. *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997).  As it relates to this motion to dismiss, the AEDPA provides that:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has  been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (West 2001).

The record does not reflect that any unconstitutional "State action" impeded Bejaran from filing for federal habeas corpus relief prior to the end of the limitations period.  28 U.S.C. § 2244(d)(1)(B).  Furthermore, Bejaran has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction

---

Federal petition, at 9.

4

became final. 28 U.S.C. § 2244(d)(1)(D). Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Accordingly, the latest date the limitations period should begin to run, is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

In this case, Bejaran was sentenced on August 30, 1999, and he did not seek an appeal. *Ex parte Bejaran*, Application No. 46,676-01, at 36-39; *Ex parte Bejaran*, Application No. 46,676-02, at 42-45; *Ex parte Bejaran*, Application No. 46,676-03, at 42-45; Federal petition, at 3. Thus, at the latest, Bejaran's conviction became final, thirty days after the date of the trial court's sentencing, when his time for filing an appeal expired.[2] TEX. R. APP. P. 26.1(a). Accordingly, the one-year limitation period for filing a federal petition began no later than September 29, 1999.

Nevertheless, the AEDPA one-year limitation period was tolled by Bejaran's state applications for writ of habeas corpus. 28 U.S.C. §2244(d)(2). Bejaran filed his state applications attacking his convictions on June 27, 2000. *Ex parte Bejaran*, Application No. 46,676-01, at 2; *Ex parte Bejaran*, Application No. 46,676-02, at 2; *Ex parte Bejaran*, Application No. 46,676-03, at 2. The Texas Court of Criminal Appeals denied his applications on September 13, 2000. *Id.* at cover. On April 5, 2001, Bejaran filed the instant

---

[2] Under the rules of appellate procedure, a defendant normally has thirty days from sentencing in which to appeal his conviction. In this rather odd case, Judgment was entered months after sentencing on November 4, 1999. *Ex parte Bejaran*, Application No. 46,676-01, at 36-39; *Ex parte Bejaran*, Application No. 46,676-02, at 42-45; *Ex parte Bejaran*, Application No. 46,676-03, at 42-45. Nevertheless, assuming in arguendo that Bejaran was given thirty days from the date of judgement, his federal petition is still not timely.

CutePDF - www.texiss.com

.

petition. Federal petition, at 9. Tolling the time that Bejaran's state writ application was pending, a total of 78 days, the one-year statute of limitations expired on December 16, 2000. Accordingly, Bejaran's federal petition was filed over three months too late. This court, therefore, should dismiss Bejaran's petition pursuant to the one-year statute of limitations contained in 28 U.S.C. § 2244(d).

WHEREFORE, PREMISES CONSIDERED, the Director prays that this court grant this motion, deny Bejaran any relief, and dismiss the petition with prejudice.

> Respectfully submitted,
>
> JOHN CORNYN
> Attorney General of Texas
>
> HOWARD G. BALDWIN, JR.,
> First Assistant Attorney General
>
> MICHAEL T. McCAUL
> Deputy Attorney General for
> Criminal Justice
>
> S. MICHAEL BOZARTH
> Assistant Attorney General
> Chief, Habeas Corpus Division
>
> *ELLEN STEWART-KLEIN
> Assistant Attorney General
> State Bar No. 24028011
> Southern District Bar No. 27861

*Attorney in Charge

Case 1:01-cv-00083   Document 6   Filed in TXSD on 09/12/2001   Page 7 of 8

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

To: Antonio Bejaran, Jr., petitioner, you are hereby notified that the undersigned attorney will bring the foregoing motion before the court as soon as the business of the court will permit.


ELLEN STEWART-KLEIN
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Ellen Stewart-Klein, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Cockrell's Motion to Dismiss as Time-Barred with Brief in Support has been served by placing same in the United States mail, postage prepaid, on this 10th day of September, 2001, addressed to:

Antonio Bejaran, Jr.
TDCJ-ID No. 898233
Dominguez Unit
6535 Cagnon Road
San Antonio, Texas 78252


ELLEN STEWART-KLEIN
Assistant Attorney General

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *ANTONIO BEJARAN, JR.,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | Civil Action No. B-01-083 |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

## ORDER

On this day came before the court for consideration Respondent Cockrell's Motion

to Dismiss as Time-Barred and the court after considering the pleadings of the parties filed

herein, is of the opinion that the following order should issue:

It is hereby ORDERED, ADJUDGED, and DECREED that Respondent Cockrell's

Motion to Dismiss as Time-Barred is hereby GRANTED.

SIGNED this _____ day of _____, 2001.


_____
JUDGE PRESIDING