8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 0 5 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| ANTONIO BEJARAN, § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. B-01-083 |
| JANIE COCKRELL, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
| Respondent. § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Antonio Bejaran, (Petitioner) filed a 28 U.S.C. §2254 petition for a writ of habeas corpus. Petitioner asserts two grounds for relief: (1) his trial counsel was ineffective, and (2) his sentence was illegally enhanced due to the use of remote convictions. Because Petitioner's claims are time barred, the petition should be DENIED, and Respondent's Motion to Dismiss should be GRANTED.

## BACKGROUND

Antonio Bejaran is currently incarcerated at the Dominguez State Jail Unit in San Antonio, Texas, pursuant to judgments of the District Court of Cameron County, Texas, in cause numbers 99-CR-780-A, 99-CR-781-A, and 99-CR-782-A. Bejaran entered a plea of guilty to the felony offenses of theft of a firearm, habitual; assault on a peace officer, enhanced; and aggravated assault with a deadly weapon, enhanced.[1] On August 30, 1999, the court sentenced Bejaran to fifteen years of imprisonment in each cause number.[2] The judgment was entered on November 4, 1999, and Bejaran did not directly appeal the convictions.[3] The Petitioner did file

---

[1] *See Ex parte Bejaran*, Application No. 46,676-01, at 36-39; *Ex parte Bejaran*, Application No. 46,676-02, at 42-45; *Ex parte Bejaran*, Application No. 46,676-03, at 42-45.

[2] *See id.*

[3] *See id. See also* Federal Petition, at 3

1

three state applications for writ of habeas corpus (one for each conviction). All three were filed in the trial court on June 27, 2000, and denied without written order by the Texas Court of Criminal Appeals on September 13, 2000.[4]

## ANALYSIS

Petitioner Bejaran executed the instant federal petition for writ of habeas corpus on April 5, 2001. As such, his petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[5] The AEDPA provides a one-year limitation period for filing federal habeas corpus petitions. The provisions of 28 U.S.C. § 2254(d) set forth four different scenarios that start the running of the one-year limitations period:

> (d)(1) A one-year period of limitation should apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(d)(1)(A-D).

The provisions of § 2254(d)(1)(B), (C), and (D) do not apply to the petitioner in this instance. Hence, Mr. Bejaran is limited to the time constraints set forth in 28 U.S.C. §

---

[4] *See Ex parte Bejaran*, Application No. 46,676-01, at 2, cover; *Ex parte Bejaran*, Application No. 46,676-02, at 2, cover; *Ex parte Bejaran*, Application No. 46,676-03, at 2, cover.

[5] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

2254(d)(1)(A). In Petitioner Bejaran's case, the latest date the limitations period should begin to run is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Bejaran was sentenced on August 30, 1999, and did not seek direct review. Thus, Bejaran's conviction became final thirty days after the trial court's sentencing. Accordingly, the one-year limitation period for filing a federal petition began September 30, 1999.

However, the AEDPA one-year limitation for filing a federal writ can be tolled during the application of a state writ for habeas corpus. Bejaran filed his state applications attacking his convictions on June 27, 2000. The Texas Court of Criminal Appeals denied his applications for state habeas corpus relief on September 13, 2000. On April 5, 2001, Bejaran filed the instant federal petition.[6] In tolling the time that Bejaran's state writ applications were pending, Petitioner still did not file the current petition in a timely manner. The one-year limitation was tolled for a total of 78 days. Therefore, the statute of limitations expired in mid-December, making Mr. Bejaran's federal petition over three months late. In accordance with the AEDPA, this court has no choice but to dismiss the current writ as being untimely.

## RECOMMENDATION

For the reasons set forth above, Petitioner's 28 U.S.C. §2254 Petition for Habeas Corpus Relief on the grounds of alteration of evidence and ineffective assistance of counsel should be DENIED, and Respondent's Motion to Dismiss should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being

---

[6] *See* Federal Petition, at 9.

served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415, 1418 (5th Cir. 1996).

DONE at Brownsville, Texas this 5th day of October, 2001.

_____
Felix Recio
United States Magistrate Judge

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANTONIO BEJARAN,<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-01-083 |
| JANIE COCKRELL, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, INSTITUTIONAL DIVISION,<br>Respondent. | §<br>§<br>§<br>§ | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of October 4, 2001 be adopted. Furthermore,

Petitioner's 28 U.S.C. §2254 Petition is hereby DENIED, and

Respondent's Motion to Dismiss is hereby GRANTED.

DONE in Brownsville, Texas on this _____ day of _____, 2001.

_____
Hilda G. Tagle
United States District Judge