UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ANTONIO BEJARAN, | § | |
| PETITIONER, | § | |
| v. | § | |
| JANIE COCKRELL, DIRECTOR, | § | CIVIL ACTION NO. B-01-083 |
| TEXAS DEPT. OF CRIMINAL | § | |
| JUSTICE, INST. DIVISION, | § | |
| RESPONDENT. | § | |

## AMENDED PETITION FOR CERTIFICATE OF APPEALABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ANTONIO BEJARAN, PETITIONER PRO SE, AND FILES THIS HIS AMENDED PETITION FOR CERTIFICATE OF APPEALABILITY FOR THE DISTRICT COURT DISMISSAL OF HIS PETITION FOR WRIT OF HABEAS CORPUS.

I.

## REQUEST FOR CORRECTION OF RECORD

THE PETITIONER DISPUTES THAT HE WAS "OVER THREE MONTHS LATE" IN HIS FILING AND WISHES TO ESTABLISH THE CORRECT AMOUNT OF TIME THAT HIS PETITION WAS ALLEGEDLY LATE. PETITIONER OFFERS

(1)

THIS COURT THAT EVEN THOUGH HE WAS SENTENCED ON AUGUST 30, 1999, THE JUDGMENT IN HIS CASE WAS NOT ENTERED UNTIL NOVEMBER 4, 1999. THEREFORE, THE CONVICTION DID NOT, AND COULD NOT, BECOME FINAL UNTIL 30 DAYS AFTER NOVEMBER 4, 1999. THIS MEANS THAT THE A.E.D.P.A. LIMITATION PERIOD COULD NOT BEGAN TO RUN UNTIL DECEMBER 4, 1999, AND BECAUSE THE STATE PETITION TOLLED 78 DAYS, THE LAST DATE FOR TIMELY FILING WOULD BE FEBRUARY 22, 2001.

THIS MAKES PETITIONER'S FIRST FEDERAL HABEAS PETITION ALLEGEDLY FOURTY-TWO (42) DAYS LATE AND NOT "OVER THREE MONTHS" AS SET FORTH IN THE COURT'S RECORD. BECAUSE THIS IS PLAIN ERROR ON THE PART OF THE COURT, PETITIONER MOVES FOR ITS CORRECTION.

## II.

## REQUIRED SHOWING FOR THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

THE PETITIONER DOES NOT SEEK ISSUANCE OF THIS C.O.A. FOR THE DENIAL OF MERITS OF HIS HABEAS PETITION, AS THE MERITS HAVE NOT BEEN ADDRESSED TO DATE, BUT INSTEAD SEEKS THIS ISSUANCE BASED ON THE PROCEDURAL DISMISSAL OF HIS PETITION AS TIME-BARRED PURSUANT TO 28 U.S.C. §2244(d).

THE PETITIONER UNDERSTANDS THE REQUIRED SUBSTANTIAL SHOWING OF CONSTITUTIONAL ERROR, 28 U.S.C. §2253(c)(2): DRINKARD v. JOHNSON,

97 F.3d. 751, 756(5TH CIR.1996), BUT BECAUSE THE DISTRICT COURT DISMISSED FOR A REASON NOT OF CONSTITUTIONAL DIMENSION THE PETITIONER MUST FIRST MAKE A CREDIBLE SHOWING THAT THE DISTRICT COURT ERRED. SUNNIER v. JOHNSON, 161 F.3d. 941(5TH CIR.1998).

THE PETITIONER OFFERS THAT THE DISTRICT COURT ERRED WHEN RULING,"THE PROVISIONS OF §2244(d)(1)(B), (C), AND (D) DO NOT TO THE PETITIONER IN THIS INSTANCE." THIS RULING WAS MADE WITHOUT ALL THE FACTS BEING ENTERED INTO THE RECORD BECAUSE THE PETITIONER WAS UNABLE TO OBJECT TO "RESPONDENT'S MOTION TO DISMISS", DUE TO A STATE CREATED IMPEDIMENT.

IN SUPPORT, PETITIONER WOULD SHOW THIS COURT, THE SPAN OF TIME IN WHICH RESPONDENT FILED HER MOTION TO DISMISS ON SEPTEMBER 10, 2001, AND THE TIME IN WHICH THE COURT RULED TO TO DISMISS, NOVEMBER 6, 2001, PETITIONER WAS IN TRANSIT FROM THE DOMINGUEZ STATE JAIL & TRANSFER FACILITY, TO THE RUFE JORDAN UNIT AND UNABLE TO FILE TIMELY OBJECTIONS TO THE FINDINGS OF THE MAGISTRATE. FURTHER, PETITIONER'S LEGAL MAIL DID NOT CATCH UP WITH HIM UNTIL DECEMBER 1, 2001. BECAUSE OF THE IMPEDIMENT, THIS COURT GRANTED A MOTION TO EXTEND PETITIONER'S TIME TO APPEAL (SEE COURT'S ORDER OF JANUARY 8, 2002), AND IN DOING SO HAS PRESERVED PETITIONER'S RIGHT TO OBJECT IN THIS C.O.A., AS IT FOUND THAT HE WAS, IN FACT, IMPEDED DURING THIS TIME. INASMUCH, THE PETITIONER OBJECTS TO THE DISMISSAL OF HIS PETITION AND CONTENDS HIS HABEAS CLAIMS ARE NOT TIME-BARRED. PETITIONER NOW MOVES TO ENVOKE THE FEDERAL STATUTE OF 28U.S.C.§2244(d)(1)(B), WHICH PROVIDES FOR TOLLING IN CASES WHERE AN IMPEDIMENT TO

FILING IS CREATED BY A STATE ACTION IN VIOLATION OF THE CONSTITUTION OR LAWS OF THE UNITED STATES, AS THE PETITIONER WAS PREVENTED FROM FILING BY SUCH A STATE ACTION.

THE PETITIONER NOW SEEKS TO MAKE HIS REQUIRED SUBSTANTIAL SHOWING OF THE DENIAL OF A CONSTITUTIONAL RIGHT PURSUANT TO 28 U.S.C. §2253(c), AND OFFERS THAT HIS CLAIM OF A STATE CREATED IMPEDIMENT, IN THE FORM OF DENIAL OF ACCESS TO COURTS, MEETS THE DEMONSTRATION REQUIREMENTS AS SET FORTH IN <u>BAREFOOT v. ESTELLE</u>, 103 S.CT. 3383; AND REAFFIRMED IN <u>SLACK v. McDANIEL</u>, 120 S.CT. 1595 (2000).

THE SUPREME COURT IN <u>SLACK</u>, SUPRA, IS THE CONTROLLING CASE IN THIS ISSUE BECAUSE THE DISTRICT COURT DISMISSED THE PETITION BASED ON PROCEDURAL GROUNDS. FOR SUCH DECISIONS AS THESE THE COURT HELD THAT, "WHEN THE DISTRICT COURT DENIES A HABEAS PETITION BASED ON PROCEDURAL GROUNDS WITHOUT REACHING THE PRISONER'S UNDERLYING CONSTITUTIONAL CLAIMS, A C.O.A. SHOULD ISSUE WHEN THE PRISONER SHOWS, AT LEAST, THAT JURISTS OF REASON WOULD FIND IT DEBATABLE WHETHER THE PETITION STATES A VALID CLAIM OF THE DENIAL OF A CONSTITUTIONAL RIGHT AND THAT JURISTS OF REASON WOULD FIND IT DEBATABLE WHETHER THE DISTRICT COURT WAS CORRECT IN ITS PROCEDURAL RULING." <u>SLACK</u>, AT 1604. THE PETITIONER CONTENDS THAT NO PLAIN PROCEDURAL BAR EXISTS IN HIS CASE AS THE STATUTORY PROVISION OF THE A.E.D.P.A. IN §2244(d)(1)(B) PROVIDES FOR TOLLING IN CASES OF STATE IMPEDIMENTS THAT DENY THE TIMELY FILING OF A HABEAS PETITION.

THE DISTRICT COURT'S PROCEDURAL RULING IS THEREFORE IN

(4)

IN DIRECT CONFLICT OF THE FIFTH CIRCUIT'S STANDARD OF TOLLING WHERE, "THE PLAINTIFF IS PREVENTED IN SOME EXTRAORDINARY WAY FROM ASSERTING HIS RIGHTS." COLEMAN v. JOHNSON, 184 F.3d. 398(5TH.CIR.1999), AS WELL AS THE SUPREME COURT'S RULINGS IN BOUNDS v. SMITH, 97 S.CT. 1491(1977); AND LEWIS v. CASEY, 116 S.CT. 2174(1996).

### III.
### QUESTIONS AT ISSUE

1) IS IT A DENIAL OF ACCESS TO COURTS WHEN RESPONDENT REFUSES THE PETITIONER ALL ACCESS TO THE LAW LIBRARY ANS LOAN PROGRAM?

2) HAS THE INADEQUACY OF PETITIONER'S PRISON LAW LIBRARY CONSTITUTED A STATE CREATED IMPEDIMENT UNDER §2244(d)(1)(B)?

### IV.
### QUESTION ONE

THE PETITIONER ENTERED INTO THE CUSTODY OF T.D.C.J. ON DECEMBER 15, 1999, AT THE GARZA WEST TRANSFER FACILITY AND PLACED IN AN INTAKE AREA KNOWN AS "K-HOUSING". IN THIS AREA PRISONERS ARE DENIED ALL PRIVLEDGES OTHER THAN FOOD, CLOTHING, AND MEDICAL TREATMENT. THIS BLANKET DENIAL INCLUDES ALL LAW

LIBRARY ACCESS RIGHTS, AS WELL AS BOOKS REQUESTED IN WRITING ON THE PROPER "I-60" REQUEST FORM TO THE UNIT LAW LIBRARY. THE PETITIONER REQUESTED, ON NUMEROUS OCCASIONS, ACCESS TO THE LAW LIBRARY, OR MATERIALS IN WHICH TO FILE A HABEAS PETITION. NO ACTION WAS TAKEN ON ANY OF THESE REQUESTS AND SO THE STATE EFFECTIVELY DENIED THE PETITIONER HIS HIS CONSTITUTIONAL RIGHT OF MEANINGFUL ACCESS TO THE COURTS THROUGH ADEQUATE LAW LIBRARIES, OR ASSISTANCE FROM LEGALLY TRAINED PERSONEL. BOUNDS, SUPRA; LEWIS, SUPRA; DEGRATE v. GODWIN, 84 F.3d. 768(5TH.CIR.1996).

THIS STATE CREATED IMPEDIMENT CONTINUED UNTIL MARCH 28, 2000, WHEN PETITIONER WAS TRANSFERED TO THE DOMINGUEZ STATE JAIL FACILITY, IN EFFECT, DENYING PETITIONER ALL LAW LIBRARY ACCESS FOR A PERIOD OF 103 DAYS. AND BECAUSE THIS ISSUE SHOULD WARRANT TOLLING, PETITIONER OFFERS IT IS DEBATABLE AMONG JURISTS OF REASON, AND OF A TYPE WHICH COULD BE RESOLVED IN HIS FAVOR. LOZADO v. DEEDS, 111 S.CT. 860; SLACK v. McDANIEL, 120 S.CT. 1595(2000).

V.

QUESTION TWO

THE PETITIONER ARRIVED ON THE DOMINGUEZ STATE JAIL FACILITY ON MARCH 29, 2000, AND REMAINED UNTIL OCTOBER 24, 2001. THIS IS A STAY WELL BEYOND THE BOUNDRIES ESTABLISHED FOR SHORT-TERM STATE IMPEDIMENTS OF COUNTY JAIL INMATES.

THAT BEING SAID, THE PETITIONER WILL NOW OFFER THAT THE

DOMINGUEZ LAW LIBRARY WAS OF SUCH DEFECTIVE STATE THAT IT MADE THE FORMULATION OF A HABEAS PETITION IMPOSSIBLE. NOT ONLY DID THE LIBRARY LACK FEDERAL BOOKS AND FEDERAL STATUTES, IT ALSO LACKED SHEPHARD'S CITATIONS WHICH WERE ABSOLUTELY NECESSARY TO BRIDGE THE AGE GAP BETWEEN THE OLD WEST'S DIGESTS, AND THE FEW, SOMEWHAT NEWER SOUTHWEST REPORTERS. OTHER THAN THE V.T.C.A. CRIMINAL CODES THESE WERE ALL THE BOOKS AVAILABLE TO THE PETITIONER.

TO FURTHER AGGRIVATE THIS PROBLEM, THE PETITIONER'S REQUESTS TO THE LAW LIBRARY SUPERVISOR, TO OBTAIN BOOKS HE THOUGHT MIGHT HELP HIM, WERE MET WITH NO REPLY AND NO BOOKS WERE EVER AFFORDED HIM THROUGH THE "LOAN PROGRAM" WHILE ON THE DOMINGUEZ UNIT.

THE PETITIONER OFFERS BY THE FIFTH CIRCUIT COURT'S MEASURE, THE ADEQUACY OF A LAW LIBRARY IS DETERMINED BY WHETHER IT PROVIDES MEANINGFUL ACCESS TO THE COURTS, WHICH HAS BEEN HELD TO MEAN THE ABILITY TO FAIRLY PRESENT CLAIMS TO A <u>FEDERAL</u> DISTRICT COURT. <u>CRUZ v. HAUCK</u>, 627 F.2d. 710. THE PETITIONER WOULD POINT OUT THAT IT IS IMPOSSIBLE TO FAIRLY PRESENT CLAIMS TO A FEDERAL DISTRICT COURT WHEN HE WAS UNABLE TO EVEN FIND WHAT THE PROCEDURAL RULES ARE THAT THE STATE NOW USES AGAINST HIM. THE PETITIONER WOULD LIKE TO MAKE IT PERFECTLY CLEAR THAT HE WAS DENIED THE BOOK CONTAINING THE FEDERAL STATUTE OF 28U.S.C.§2244(d), WHICH IS NOW BEING USED AGAINST HIM BY THE SAME RESPONDENT WHO DENIED IT TO HIM.

THE FIFTH CIRCUIT COURT HAS FURTHER STATED THAT A PRISONER'S

RIGHT OF ADEQUATE AND MEANINGFUL ACCESS TO THE COURTS, DOES NOT INCLUDE ALL FILINGS, BUT APPLIES INSTEAD TO ONLY PRESENTATIONS OF CONSTITUTIONAL CLAIMS, SUCH AS CIVIL RIGHTS COMPLAINTS AND HABEAS CORPUS PETITIONS. MARROW v. HARWELL, 768 F.2d. 619(5TH.CIR. 1985). (EMPHASIS MINE). THE PETITIONER'S CLAIMS COVER SEVERAL CONSTITUTIONAL ISSUES WHICH WERE IMPOSSIBLE TO RESEARCH OR TO DETERMINE THEIR SCOPE AS PERTAINED TO HIS RIGHTS. THE PETITIONER ALSO CONTENDS THAT IF HE HAD UNDERSTOOD HIS RIGHTS AND HOW TO FRAME THEM, THE LACK OF FEDERAL CASE LAW AND COURT RULINGS, COUPLED WITH NO FEDERAL PROCEDURAL RULES, LEFT THE PETITIONER WITH NO GROUNDS TO BASE A PETITION.

IN BOUNDS, SUPRA, THE SUPREME COURT HELD THAT,
"IT WOULD VERGE ON INCOMPETENCE FOR A LAWYER TO FILE AN INITIAL PLEADING WITHOUT RESEARCHING SUCH ISSUES AS JURISDICTION, VENUE STANDING, EXHAUSTION OF REMEDIES ..., AND TYPES OF RELIEF AVAILABLE. MOST IMPORTANTLY, OFCOURSE, A LAWYER MUST KNOW WHAT THE LAW IS IN ORDER TO DETERMINE WHETHER A COLORABLE CLAIM EXISTS, AND IF SO, WHAT FACTS ARE NECESSARY TO STATE A CAUSE OF ACTION. IF A LAWYER MUST PERFORM SUCH PRELIMINARY RESEARCH, IT IS NO LESS VITAL FOR A PRO SE PETITIONER."
(EMPHASIS MINE THROUGHOUT).

THE AUTHORITY OF THIS RULING HAS STOOD FIRM TO DATE AND SPEAKS VOLUMES IN THIS CASE AS THE DOMINGUEZ UNIT LAW LIBRARY WAS OF SUCH INADEQUACY THAT THE FEDERAL BOOKS PERTAINING TO TITLE 28U.S.C.§2244(a) WERE NOT AVAILABLE DURING THE PETITIONER'S

STAY, AND THEREFORE EFFECTIVLY HID THE VERY LAW BEING USED BY THE RESPONDENT TO DISMISS PETITIONER'S FIRST FEDERAL HABEAS PETITION. THE PETITIONER IS AT A LOSS TO DESCRIBE THIS BLATANT ACTION ANY MORE CLEARLY THAN "STATE CREATED IMPEDIMENT".

THE PETITIONER WOULD ALSO OFFER THAT HE MEETS THE REQUIREMENTS OF STANDING ESTABLISHED IN <u>LEWIS v. CASEY</u>, 116 S.CT.2174, AS THE INADEQUACIES OF HIS PRISON'S LAW LIBRARIES FACILITIES CAUSED HIM "ACTUAL INJURY". IN THIS RULING THE COURT STATED THAT THE INMATE "MUST GO ONE STEP FURTHER AND DEMONSTRATE THE ALLEGED SHORTCOMMINGS...HINDERED HIS EFFORTS TO PURSUE A LEGAL CLAIM." THE COURT GIVES SOME EXAMPLES WHICH WOULD BE ADEQUATE TO MEET SUPREME COURT GUIDELINES FOR STANDING IN SUCH A SITUATION AND PETITIONER FINDS THAT HE MEETS THESE STANDARDS EXACTLY, AS HE WAS "DISMISSED FOR FAILURE TO SATISFY SOME TECHNICAL REQUIRMENT",(A.E.D.P.A. 1 YEAR TIME LIMITATION),"WHICH, BECAUSE OF DEFICIENCIES IN THE PRISON'S LEGAL ASSISTANCE FACILITIES, HE COULD NOT HAVE KNOWN. OR THAT HE...WAS SO STYMIED BY INADEQUACIES OF THE LIBRARY THAT HE WAS UNABLE TO EVEN FILE A COMPLAINT." <u>LEWIS</u>, SUPRA, AT 2180.

BY THESE SAME SUPREME COURT STANDARDS THE PETITIONER MEETS THE REQUIREMENT OF STANDING TO BRING A <u>BOUNDS</u> CLAIM AS HE WAS DENIED THE FEDERAL STATUTES THAT ARE BEING USED AGAINST HIM TODAY, FOR TWO YEARS WHILE LOCATED ON A TRANSFER FACILITY. AND THE INADEQUACIES OF THE LAW LIBRARY WERE OF SUCH A MANNER THAT ANY LINE OF CONSTITUTIONAL RESEARCH WAS IMPOSSIBLE. UNDER THESE CIRCUMSTANCES IT WAS IMPOSSIBLE FOR THE PETITIONER TO

RESEARCH CONSTITUTIONAL CLAIMS OR TO EVEN IDENTIFY WHAT LAW PERTAINED TO HIS CASE, AND HE ASSERTS THAT "STYMIED" IS MOST APPROPRIATE IN THIS INSTANCE.

THE PETITIONER WOULD FURTHER OFFER THAT THE STATE BEARS THE BURDEN OF PROOF WITH RESPECT TO THE ADEQUACY OF A LAW LIBRARY, CODY v. HILLIARD, 399 F.SUPP. 1025; STORSETH v. SPELLMAN, 654 F.2d. 1349, OR OTHER AVENUES OF RESEARCH, RICH v. ZITNAY, 644 F.2d. 41, AND THAT IN THE ABSENCE OF A LIBRARY, OFFICIALS BEAR THE BURDEN OF PROOF WITH RESPECT TO THE EXSTENCE OF SUITABLE ALTERNATIVES. PETERSON v. DAVIS, 421 F.SUPP. 1220. THE STATE MUST DO SO IN THIS CASE.

THE PETITIONER HAS MADE THE REQUIRED PRIMA FACIE SHOWING, OF THE LACK OF ACCESS, AS SET FORTH IN RICH, SUPRA, AND FURTHER OFFERS THAT WHERE OFFICIALS HAVE RESTRICTED COURT ACCESS, A HIGH STANDARD OF REVIEW IS TRIGGERED. HENDERSON v. RICKETTS, 499 F.SUPP. 319, AND ANY ALTERNATIVE PLAN MUST BE EVALUATED AS A WHOLE. BOUNDS, SUPRA.

THE PETITIONER HAS SHOWN HIS RIGHT OF ACCESS TO THE COURTS WAS DENIED BY A STATE CREATED IMPEDIMENT AND REQUESTS THE COURT TO ORDER AN EVIDENTURAY HEARING FOR THE STATE TO PROVE OTHERWISE.

## CONCLUSION

IN CONCLUSION, THE RESPONDENT HAS POINTED OUT THE FACT THAT PETITIONER'S STATE HABEAS PETITION DID TOLL THE STATUTE OF LIMITATIONS, BUT PETITIONER WILL STATE THAT THIS PETITION

WAS FORMULATED FOR HIM BY A CHURCH FRIEND IN THE FREE WORLD. A QUICK LOOK AT THE STATE PETITION WILL DISCLOSE THE FACT THAT IT WAS PRODUCED ON A COMPUTER PRINTER WITH COMPUTER SOFTWARE WHICH IS UNAVAILABLE TO THE PETITIONER IN PRISON. THIS PETITION ONLY CAME ABOUT BY THE NUMEROUS PLEAS DIRECTED AT EVERYONE THE PETITIONER COULD WRITE. ONCE IT WAS FILED, AND DENIED BY THE TEXAS COURT OF CRIMINAL APPEALS, PETITIONER COULD NOT OBTAIN THE FEDERAL PROCEDURAL RULES NECESSARY TO FILE HIS FEDERAL HABEAS PETITION, NOR COULD HE HAVE POSSIBLY KNOWN OF A TIME RESTRAINT IMPOSED ON HIM, AND WAS LEFT TO SOLICIT OUTSIDE HELP AGAIN. ONCE THIS HELP WAS PROVIDED HE FILED THE INSTANT PETITION.

THIS OUTSIDE HELP DOES NOT EXONERATE THE RESPONDENT FROM HER LIABILITY IN THIS CASE, BECAUSE, HAD SHE PROVIDED ADEQUATE AND MEANINGFUL ACCESS TO THE COURTS THE PETITIONER WOULD HAVE TIMELY FILED ON HIS OWN. AS SUCH, THE TOLLING PROVISION OF 28U.S.C.§2244(d)(1)(B) DOES APPLY IN THIS CASE, AND THE PETITIONER'S FEDERAL HABEAS FILING SHOULD BE RULED AS TIMELY.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, PETITIONER PRAYS THIS HONORABLE COURT ISSUE A CERTIFICATE OF APPEALABILITY ON THE ABOVE QUESTIONS IN THIS CAUSE AND RULE TO TOLL THE PETITIONER'S TWO YEARS SPENT ON TRANSFER FACILITIES. OR, IN THE ALTERNATIVE, RULE TO TOLL THE TOTAL LACK OF LIBRARY ACCESS FOR THE 103 DAY

(12)

PERIOD WHILE IN INTAKE TO MAKE THE 43 DAY ALLEGED LATE FILING TIMELY. PETITIONER FURTHER PRAYS FOR ANY AND ALL OTHER RELIEF THAT HE MAY BE ENTITLED.

       RESPECTFULLY SUBMITTED,

       */s/ Antonio Bejaran*
       ANTONIO BEJARAN #898233
       PETITIONER PRO SE
       NURA JORDAN UNIT
       1992 HILTON ROAD
       PAMPA, TEXAS 79065-9655

## CERTIFICATE OF SERVICE

I, ANTONIO BEJARAN, PETITIONER PRO SE, DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING MOTION FOR LEAVE TO AMEND, AND AMENDED PETITION FOR CERTIFICATE OF APPEALABILITY, HAS BEEN SERVED BY PLACING SAME IN THE UNITED STATES MAIL, ON THIS 25th DAY OF FEBRUARY, 2002, ADDRESSED TO: JOHN CORNYN, ATTORNEY GENERAL OF TEXAS, P.O. BOX 12548, CAPITOL STATION, AUSTIN, TEXAS 78711-2548.

*/s/ Antonio Bejaran*
ANTONIO BEJARAN #898233
PETITIONER PRO SE

## AFFIDAVIT

I, ANTONIO BEJARAN, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED THIS 25th DAY OF FEBRUARY, 2002.

*/s/ Antonio Bejaran*
ANTONIO BEJARAN #898233
PETITIONER PRO SE