UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 1 1 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| ANTONIO BEJARAN,<br>Petitioner, | §<br>§<br>§ |
| v. | § CIVIL ACTION NO. B-01-083 |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§<br>§ |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On November 8, 2001, the Court denied Petitioner's motion under 28 U.S.C. § 2254 to Vacate, Set Aside, or Correct Sentence by a Person in State Custody. On March 4, 2002, Petitioner filed a "Motion For Leave to Amend By Right Certificate of Appealability" (Doc. # 12). On the same day, Petitioner filed his "Amended Petition for Certificate of Appealability" (Doc. # 13).

In Petitioner's application for a Certificate of Appealability ("COA"), he asserts that he was denied his constitutional due process rights because his petition was forty-two days late, not "over three months" late as alleged in the Magistrate Judge's Report and Recommendation. In his petition for a COA, Petitioner also raises various complaints arising from his prison law library access. He did not raise such claims in his original § 2254 petition. In order to issue a COA, *the Petitioner must make* a substantial showing of the denial of a constitutional right.[1] In this case, even if the allegations in the Petition for a COA were taken as true, Bejaran's federal writ was still not filed in a timely manner as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the Petitioner has not made a substantial showing of the denial of a constitutional right, and this Court should deny his Application for a

---

[1] See Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000).

Certificate of Appealability.

## RECOMMENDATION

For the reasons set forth above, this Court should deny Petitioner's request for a Certificate of Appealability in this case.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[2]

DONE at Brownsville, Texas, this 10th day of June, 2002.

Felix Recio
United States Magistrate Judge

---

[2] *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).