18

United States District Court
Southern District of Texas
FILED

AUG 1 9 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES
COURT OF APPEALS 5 TH CIRCUIT

ANTONIO BEJARAN, Petitutioner, Pro/se

V.

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, Respandent,

§ § § § § § § § § § § § § §

CIVIL ACTION NO: H-01-1167

CA B-01-83




PETITION FOR CERTIFICATE OF APPEALABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ANTONIO BEJARAN. PETITIONER IN THE ABOVE STYLED Cause, and files this for CERTIFICATE OF APPEALIBILITY of the denial of his PETITION for WRIT OF HABEAS CORPUS.

I.

THE SHOWING REQUIRED FOR THE ISSUANCE OF CIRTIFICATE OF APPEALABILITY

OBTAINING A CERTIFICATE OF APPEALABILITY REQUIRES A SUBSTANTIAL SHOWING OF COSTITUTIONAL ERROS 28 U.S.C.§ 2253 (c) 92); DRINKARD V. JOHNSON. 97 F. 3d 751. 756 (5th Cir. 1996). THIS entails that the question(s) at issue be (A) debatable among reasonable jurists, (B) of A type which could be resolved in the PETITIONER'S favor, or (C) "adequate to deserve encouragment of further proceedings," LOZADA v. DEEDS. 498 U.S 430.432 111 S.ct 860.863. 112 L. F .2d 956 (1991)

I. I.

The Question (S) AT ISSUE

1. Was the defendant afforded effective assist/counsel which his defense counsel failed to properly investigate defendant's case failed to seek out witnesses.

2. Is the defendant's plea voluntarily or involuntarily due to coercive erroneous and misleading information from defense counsel.

3. Was the defendants sentence illegally enhanced by the state or trial Judge

4. Was defendant's appellete rights denied where defense counsel fail to file notice of appeal for defendant

III.

1. Was the defendant afforded effective assist/Counsel which his defense counsel fail to property investigate defendants cause and failed to seek out witnesses.

Petitioner will demonstrate why this question should be considered debatable among reasonable jurer. Defendant was denied effective assistance of counsel by defense counsel as guaranteed by the 6TH Amend of the U.S. Const. and will challenge the competentcy of defense counsel. Bejaran asserts that he informed his defense attorney that he wanted to appeal after Judge Benjamin Euresti JR. 107th District Court. Mr. NAT Perez failed to do so.

1. did not investigate defendant case properly,
2. did not seek out witnesses on petitioner's behalf,
3. did not make himself properly available,

4. did not communicate with defendant during his representation,
5. did not put up a defense to see wheather defendant was guilty or innocent, Berryman v. MORTON 100 F.3d 1089 (3rd Cir. 1996) Violated defendants Constitution right as well as his due process Stouffer v. Reynolds 214 F.3d 1231 (10TH Cir. 2000) Strickland v. Washington 466 U.S 694-104 S.Ct 2052 [1984. Rummel v. Estelle 590 F.2d 103 5TH Cir. [1979.

Any reasonabledly juror would see that defense attorney was not properely prepared and did not have a command of the law and cause. This question could be resolved in petitioner Bejarans due to the ineffectivness and unproppareness of attorney and with the errors so serious that it violated his substantial rights, and with encouragment and further proceeding the outcome would be more favorable toward petitioner. HORTON V. ZANT 941 F.2d 1449 (11th Cir. 1991).

He did not File no motions. communicate with Bejaran about his cause nor did he seeked out witnesses in his behalf. Stouffer v. Reynolds 214 F3d 1231 [10TH Cir 2000]. Any reasonable juror can see the erros and debate that (Mr. Perez) defense counsel for petitioner Bejaran was not competent. Defense counsel violates petitioners substantial Rights by denying him the right to effective assistance of counsel as guaranteed by the U.S Const 6TH Amend and Fourteenth Amend. Any jurors can see that (Mr Perez) defense attorney did not accquaint himself with the case and did not have a firm command of the law. did not spend enough time on petitioner's cause to adequatly advise him. Walker v Caldwell 476 F.2d 213 (5THCir. 1973)

Petitioner Bejaran has shown that he has met the two prong test on ineffective assistance of counsel set out by Strickland v. Washington 466 U.S 104 S.Ct 2052.(1984.

Defense attorney showed 10 min. prior to bench trial and conferred with myself and twelve other defendants and made it clear to petitioner that he was not interested in pursuing petitioner's concerns or in defending petitioner on his case. violation of Texas state Bar art. 10 § 9 Rule 1.01 (B 1,2, C) competent and

diligent representation. Rule 1.03 communication (A) (B) petitioner seek this C.O.A relief and has demenstrated the following.

1. Counsels performanee failed to constitute reasonably effective assistance by falling below an objective standard of reasonableness under prevailing proffessional nurms and competent Edwards v Carpenter 120 sct 1587 (2000), Martinez v. Estelle 612 F2d 173 1980
2. he showed conflict of interest in defending petitioner Bejaran
3. there is a reasonable probability that, but for counsels' deficient performance, the result of the bench trial proceeding would have been differnt.
Strickland v. Washington 466 at 694, 104 Sct 2052

During the duration of defense attorney Nat Perez proved to petitioner that he was unable to provide effective assistance of counsel in that he lacked time to prepare for trial. Gallard v. Maggio 717 F2d 199 206 (5TH Cir. 1983. U.S Const. 6TH Amend and Fourteenth Amend.

The petitioners rights to the 6TH Amend of the U.S Const. have been seriously violated, that it deprived applicant of a fair trial.

The two prong inquiry of Strickland v Washington 466 U.S 668 at 687 I D 692 693 is clearly satisfied

This Honorable Court can not consider this a harmless error due to the fact that a violation of Constitution right is being question. Lazada v Deeds 498 U.S 430, 432 111 S.Ct 860, 863, 112 L.Ed2d 956 (1991).

I II

Question Two

Is the defendants plea voluntarily or involuntarily due to the erroneous and misleading information from defense counsel.

Petitioner asserts' that any reasonable juror should consider this question debatable and be in petitioners favor. Bejaran asserts that he was coerced in pleading guilty at the sentencing phase of his bench trial. Bejaran asserts that defense counsel was ineffective at the sentencing phase by not doing the following

1. Did not communicate with petitioner of the plea bargain until the sentencing phase. 10 min. prior

2. Did not admonish properly of the consequences of his plea.

3. Failed to subpoena witness on petitioners behalf and

4. Failed to informe petitioner that the state was going to enhance his cause using his priors.

Defense counsel violated the Brady Clause and violation of Brady v. Maryland 373 U.S. 83.83.S.Ct' 1194 (1963). Martinez v. Estelle 612 F.2d 173 [1980] U.S. 5TH Amend. and Fourteenth Amend.

Petitooner will demenstrate that defense attorney coerced him to enter his plea unknowingly and involuntarily. Petitioner Bejaran entered his plea on the erroneous advise and misleading information and attorney did not properly admonished petitioner of the consequences of his plea.

The Constitutional Right Petitioner has been denied and to which are at issue now are: Stoufer v. Reynolds 214 F.3d 1231 [10th Cir. 2000]. Edwards v. Carpenter 120 S.Ct 1587 [2000].

1. Due Process- Reasonable notice regarding consequences at that terms stands facially in V.A.C.C.P Art 26.13 and Federal Rules of Criminal Cvidence. Rule 11.

2. Ineffective Assistance of Counsel (I.A.C.) regarding such admonishments.

3. Abuse of Tribunal duties regarding such admonishments.

4. The Courts fraudulent concealments of such Consequences from defendants prior to guilty plea, yet refusing to hold defense Attorney culpable.
The Courts have held due process of law means such an execution of power of Government as the settled maxims of law sanction, and under such safeguards for the protection of individual rights. An elementary and fundamentle requirement of due process, Mullane v. U.S. 70 S.Ct 652. Chamber v. Stengal 256 F.3d 397 [6th Cir 2001].

In Davis v. Alabama the U.S. Court of appeals fifth Circuit held that

1. Defense counsel in murder prosecution did not discharge duty owed to client when they knew that defendant had a history of mental problems and that insanity was his only possible defense and thought that, defendant himself would be of little help in developing the defense and knew what possible outside sources might be developed, yet made no effort to investigate or develope possible sources of evidence.

2. further hearing was required to determine whether defendant was prejudice, by failure to adequatly investigate insanity defense. Reversed and Remanded.
Defendant Bejaran will demonstrate that his Defense Counsel NAT Perez did not discharge duly owed to his client Bejaran as follows.

1. Defense counsel made it clear to defendant he was not interested in pursuing the defendants concerns, or interested in defending applicant of the alleged charges.

2. Counsel erroneusly advised him that if he did not enter a plea of guilty and accept the state's offer of 15 years, the state would enhance the punishment in his case.

3. Mr. NAT PEREZ informed him he might face 25 years to 99 years to life as a habitual offender.

4. Defense Counsel did not object to the use of the void prior conviction.

Defendant asserts that Defense Counsel mislead him to enter a plea of guilty without investigate outside source that would have helped the defense. Davis v. Alabama 596 F.2d 1214 [1979. Bejaran assert's that ineffective assistance of counsel did lead to an unknowingly and involuntarily plea of guilty which was an unintelligent disicion on his part. U.S. v. DiAZ 733 F.2d 371-373 [5TH Cir. 1984. Bejaran's Constitutional rights were violated Due Process Clause and as well a Equal Protection when defense attorney did not admonish Bejaran properly of his consequences of his plea. Pursunt to 26.13 D. and Federal Rule of Criminal Evidence Rule 11. His U.S. Constitutional right for effective assistance of counsel during the sentencing phase and enter his plea of guilty. Bejaran wanted to plea not guilty and go to trial. Mr. NAT Perez errors and misleading information pregudiced the defense and incompetency deprived him "Bejaran" of an impartial Bench Trial. Strickland v. Washington 466 U.S at 668 104 S.Ct 2052. Davis v. Alabama 596 F.2d 1214 [1979. Bejaran has met the two prong inquiring of STRIckland v. Washington 466 U.S. 668 at 687 I D. At 692-693 is clearly satisfied.

Again Bejaran prays that this HONORABIE Court does not consider this error as a Harmless Error due to fact that a violation of a Constitutional Right is being questioned. Lozada v. Deeds. 498 U.S 430. 432 111 S.Ct 860. 863. 112 L.F.2d 956 (1991).

III.

Question Three

Was Defendant's sentence illegally enhanced by the State or trial Judge.

1. Defendant asserts that his sentence/conviction is illegal due to mandatory inhancement laws. Defendant pled guilty to U.C.S.A. State Jail felony Theft of a Firearm (see indictment) (Penal Code 46.06).

The offense accured on Feb. 4, 1999. On this date a state Jail Felony cannot be enhanced to habitual/offender with out using offenses described under Penal Code 12.35 (a). Habitual offender statue cannot be used to enhance State Jail Felony primary offense when sentence would otherwise be governed by statutory provisions setting limits on terms of confinement and fine for individual convicted of state Jail Felony. see Tex. Gov. Code § 311.026, 311.025. Monge V. California 118 S.Ct 2246 [1998. U.S. Const. Amend 5. State v. Mancuso 919 S.W 2d 86 (Tex Crim. App. 1986. Hernandez v. State 927 S.W 2.d 644 [1996- 929 S.W. 2d 11 [1996. French v. Estelle 692 F2d 1021 [1982.

Defendant's Bejaran prior conviction were more than Ten (10) years that happen 1979 and 1980. Defendants prior conviction were such that for enhancement purpose could not be tacked on to primary sentence; since his prior conviction were 19 years and 18 years old are remote and should not have been admissible. Bejaran's remote prior convictions were abuse of discretionary by court., see Rule of Evidence 609 (B) and that his admission or evidence that prior conviction did have a substantial and injurious influences on the Trial Judges in determination in sentence defendant. Bejaran's prior felony conviction of 1979 and 1980; district Court may not impose any sentence greater than maximum sentence in statute under which defendant is convicted. U.S v. Carron 944 F.2d 220. Rule of Evid. Rule 609 (B) Time limit state as fallow.

Evidence of a conviction under this rule is not admissible if a prior of more than ten (10) years has elapsed since the date

of the conviction or of the release of the defendant from the confinement imposed for that conviction, which ever is the later date, unless the court determines, in the interests of Justice, that probative value of the conviction support by specific facts and circumstances substantially outweights its prejudicial effect

As in defendant Bejaran's case, his prior conviction were more than ten (10) years in fact they were 18-19 years. Defendant had a good relationship wife and children, had a commercial fishing business and had no evidence of violence in the past 18 or 19 years. In fact Bejaran's defense counsel fail to properly investigate the validity of his prior conviction and in failing to know the law that applied at the time of the 1979 and 1980 convictions. Violation U.S Const 7TH Amend French v. Estelle 692 F.2d 318 [1983, U.S. V. Blaylok 20 F.3d 1452 (9th Cir. 1994). Henry v. State S.W. F.2d 57, 1996

Defense counsel failed to investigate the status of his prior conviction defendant Bejaran also asserts that his defense counsel was ineffective because he was not properly admonished of the legal implication of the stipulation (ie the possibility of a life sentence. Under these circumstances, defendant's defense counsel did not rendere effective assistance and instead relied on evidence presented by the prosecutor that defendant had been twice previously convicted of felony offenses.

Defendants two prior convictions could not be used to enhance but due to counsel defiency performance and ineffectiveness defendant was intimidated into pleading and waiving valuable rights he gave up some valuable rights to protect other rights. Bejaran again has proven that the two test prong of Strickland v. Washington is clearly satisfied by defendants counsel failure to understand the law to be applied to the 1979 and 1980 conviction and by his competentcy failure to object to the use of those convictions for purposes of enhancement. Strickland v. Washington 466 104 S.Ct 2052 [1984. Bullard v. Estelle 665 F.2d 1347 [5th Cir. 1981]. Estell v. Bullard

Estelle v. Bullard 102 S.Ct 1982.

III.

QUESTION FOUR

Was Defendant's appellet rights denied where defense counsel fail to file NOTICE of Appeal in defendants behalf.

Defendant Bejaran will demonstrate to this Court that a reasonable juror would debate this question in his favor that his Appellete right to Appeal his cause were violated by defense Counsel.

On August 30, 1999 defendant was convicted and sentence to 15 years in the Texas Department of Criminal Justice. After being sentence defendant informed Counsel NAT PEREZ that he wanted to appeal. But defense counsel informed defendant "You Can't Appeal your case. dont call me and I dont want to hear from your father and mother cause I will not File no notice of appeal. and I wont help you. Failure to discharge the duty owed to his client such a failing to advice defendant's appellets rights and seek post conviction relief and failing to file a notice of of Appeal is violation of the U.S. Const 14th Amend due process. Pursuant to TEXAS Code of Criminal Procedure [T.C.C.P. 44.02 Defendant may Appeal. Defense counsel did not make an effort to inform his client that he could appeal. This is ineffective of Counsel and where the 107th District Judge Benjamin EURESTI of Cameron County informed defendant "IF you want to appeal your case you got thirty (30) days to file notice of Appeal. see Strickland v. Washington. 466 U.S. 688, 104 S.Ct. [1984]. U.S. Const 6th Amend and 14th Amend. Evitts v. Lucey 469 U.S. 387 105 S.Ct 830 [1985. Thomas v. Beto 423 F.2d 642 (5th Cir 1970. Anders v. California 386 U.S. 738 87 S.Ct 1396 [1967]. Entsminger v. Iowa 386 U.S. 748 87 S.Ct 1402 [1967]

It is evident that in this Cause that the ineffective assistance of Counsel denied the defendant the right to appeal,

protected by the U.S. Const. 6th Amend and Fourteenth Amend. Ineffective assistance of Counsel represents the culmination of errors presented in this questions smal brief. and is the pivutol point in the denial of defendants rights to appeal. Retained or Court appointed counsel must advice the defendant of his appellete's right to appeal; also defense counsel must provide the skill and knowledge to ensure that defendant know of his appeal rights and ensure that trial was impartial which in this case was partial. Kimmelman v. Morriso 477 U.S. 106 S.Ct. 2574 (1984. U.S. v. Cronic 466 U.S. 64 104 S.Ct. At 2039, 2046 [1986.]. U.S v. Orozco Ramirez 211 F.3d 862 (5TH Cir. 200. Shepeck v. U.S. 150 F.3d 801 (7th Cir. 1998

It is evident that in this cause the counsels ineffective, errors and conflicts of interest there was a "reasonable probability" given the notice of appeal not file the motions not filed and Counsel undesired to file notice of appeal for defendant and erroneous adivce given to applicant based on presumed guilt etc. the outcome would have been different. Strickland v. Washinaton 466 104 S.Ct 2052 [1984. Berryman v. Morton 100 F.3d 1089 [3rd Cir. 1996. Evitts v. Lucey 469 U.S. 387 105 S. Ct 830 [1985. Edwards v. Carpenter 120 S.Ct 1587 [2000. Martinez v. Estelle 612 F.2d 173 [1982.

Defendant informed defense counsel that he wanted to appeal his case but Mr. NAT PEREZ did nothing to file a notice of appeal. Mr. NAT PEREZ exhibited no desire to raise valuble and obuious issues paramont to defendant defense. Defense counsel ineffectiveness led defendant to enter a plea of guilty. Defendants initially stated to counsel that he was not going to accept or interested in a plea agreement, due to defendants strong belief that the enhancement allegations in defendants indictment were not properly by the state and could not be used. Any reasonable juror could see that defense counsels defense was not diligently and effectively when he fail to actively pursue such basic and fundamental rights as file notice of appeal, motion for a new hearing and subpoening

witnesses favorable to his client's defense.

Bejaran asserts that his attorney clearly did not effectively represent him and his performance was deficient and the errors he made were so serious that Counsel was not functioning a Counsel guaranteed the defendant by the U.S. Const 6th Amend.

Defendant has also shown the deficient performance by defense counsel preiudiced the denfense and that Counsel errors were so that it defendant of a fair and impartial Bench trial. The two pronge inquiry of [Strickland v. Washington 466 U.S. 668 104 S.Ct 2052 [1984 is clearly satisfied. U.S. Const 6Th Amend.

The state and defendant violated defendant Constitutional right to the U.S. Const. 4th 5th and 6th Amend.

For this reason and other I filed this notice of Appeal to this Honorable Court of Appeals 5th Circut.

Lazada v. Deeds 498 U.S 430, 432 111 S.Ct 860 863. 112 L.E 2d 956 (1991).

# PRAYER

Defendant prays that this Honorable Court of Appeals Fith Circuit forgive any missapplication of the law and over look any mistakes in the filing of his NOTICE of APPEAL. Defendant is indigent and filing Pro-se as no other alternative and is not a professional or even knowledgeable in the law.

Wherefore defendant prays that this Honorable Court grants his Appeal and make finding of fact and conclusions of law, find that defendants fundamental and Constitutional Rights were violated and the questions of his appeal acknowledged granting relief to which he is lawfully entitled.

So moved and prayed.

Respectfully Submitted

Antonio Bejarano Jr

UNSWORN DECLARATION

I ANTONIO BEJARAN, JR. T.D.C.J-ID NO 898233 Defendant Pro/se, being presently incarcerated within the T.D.C.J-ID, at Rufe Jordan Unit, Located in Gray County, Texas does hereby declare under penalty of perjury that the above and foregoing Notice of Appeal and Certificate of Appealability with brief. is true and correct.

Executed on this the 28 day of Aug 2002.

Antonio Bejaran

Antonio Bejaran Jr. T.DC. #898233
Defendant Pro-Se

Rufe Jordan Unit J-3-I 111 B
1992 Hilton Rd
Pampa Texas 79065

# CERTIFICATE OF SERVICE

I Antonio Bejaran Jr TDCJ-I.D. No 898233, Defendant Pro-Se, an Inmate of Texas Department of Criminal Justice Institutional Division, do hereby cerity that a true and correct copy of the Notice of Appeal to the 5th Circut and Certificate of Appealability [C.O.A.] has been served by placing same in the United States Mail, postage prepaid, on Aug 28 2002 addressed to

Clerk of Court of Appeal.
5th Circuit Rm 102.
600 Camp Street
New Orlean. LA. 70130

Respectfully Submitted
Antonio Bejaran Jr

Antonio Bejaran Jr.

Pro-Se.

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 12 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

ANTONIO BEJARAN, §
Petitioner, §
§
v. §
§ CIVIL ACTION NO. B-01-083
JANIE COCKRELL, DIRECTOR, §
TEXAS DEPARTMENT OF CRIMINAL §
JUSTICE, INSTITUTIONAL DIVISION, §
Respondent. §

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's request for a Certificate of Appealability (Doc. # 13) is hereby DENIED. Petitioner's "Motion For Leave to Amend By Right Certificate of Appealability" (Doc. # 12) is mooted by this order, and this case is hereby closed.

DONE at Brownsville, Texas this 18 day of July, 2002.

Hilda Tagle
United States District Judge